IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff, | § | |
| | § | |
| VS. | § | C.A. NO. C-05-313 |
| | § | |
| VINCENT M. THOMAS, | § | |
|     Defendant. | § | |

**MEMORANDUM AND RECOMMENDATION TO GRANT
PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT**

Plaintiff United States of America seeks recovery from defendant for defaulting on a student loan guaranteed by the Department of Education (D.E. 1).  Defendant Thomas was served with a copy of the complaint on August 27, 2005 (D.E. 3).  To date Thomas has not filed an answer.  On December 13, 2005, the Clerk entered default (D.E. 12).  Pending is plaintiff's motion for entry of default judgment (D.E. 13).  No response was filed.  It is respectfully recommended that plaintiff's motion be granted.

**Applicable Law**

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend a lawsuit in federal court and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.  Fed. R. Civ. P. 55(a).  After a defendant has been defaulted for failure to appear, judgment by default shall be entered upon affidavit of the amount due when the plaintiff's claim is for a sum certain or for a sum which can by computation be made certain.  Fed. R. Civ. P. 55(b). Default judgment may be entered only if plaintiff certifies defendant is not in the military service.  50 App. U.S.C. § 520(1).

In order for judgment to be entered in favor of the United States, it must prove that (1) defendant executed the note; (2) the United States is the present holder of the note; and (3) the note is

in default.  *FDIC v. McCrary*, 977 F.2d 192, 194, n. 5 (5th Cir. 1992); *Federal Sav. & Loan Ins. Corp. v. Atkinson-Smith Univ. Park Joint Venture*, 729 F. Supp. 1130, 1132 (N.D.Tex. 1989).  The defendant bears the burden of proof on any defenses.  *Eckert-Fair Const. Co. v. Capitol Steel & Iron Co.*, 178 F.2d 338 (5th Cir. 1949), *cert. denied*, 339 U.S. 928, 70 S.Ct. 626 (1950).

The default judgment proof consists of:  (1) a copy of the note (D.E. 13, Exhibit B); and (2) a copy of the certificate of indebtedness (D.E. 13, Exhibit A).  Because the competency of the evidence is not challenged, it may be relied upon for entry of judgment.  *United States v. Lawrence*, 276 F.3d 193, 196 (5th Cir. 2001).

The note and certificate of indebtedness reflect that on or about April 15, 1986, defendant executed a promissory note in the total principal amount of $2,500.00 payable to InterFirst Bank Austin, N.A., Austin, TX (D.E. 13, Exh. A & B).  The interest rate for repayment was set at 8% per annum  (D.E. 13, Exh. A).  The note was guaranteed under a loan guaranty program authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. §§ 1071 et seq. (34 C.F.R. Part 682) (*Id.*).  Defendant defaulted on the note on May 28, 1987 (*Id.*).  After application of all credits, a loan analyst with the United States Department of Education calculated that as of November 23, 1999, the principal balance owed was $2,697.26, plus interest of $1,627.50 (*Id.*).  Interest accrues on the principal balance at the rate of $.59 per day from November 23, 1999 (*Id.*).

The United States has demonstrated that the defendant executed the note, that the United States is the current holder of the note, and that the note is in default.  The United States has also submitted an affidavit that defendant is not currently in the military service of the United States (D.E. 13, Attached Nonmilitary Declaration).  The United States is entitled to entry of default judgment.

**Attorney's Fees**

Plaintiff's motion for default judgment seeks $800.00 in attorney's fees (D.E. 13, Aff. of M. H. Cersonsky). The United States is entitled to reasonable attorney's fees as a prevailing party in litigation brought by it. 28 U.S.C. § 2412(b).

In this circuit, attorney fees are determined by first multiplying the reasonable hourly fee by the number of hours reasonably expended to arrive at a "lodestar" fee. *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998) (Title VII); *Mid-Continent Casualty Co. v. Chevron Pipe Line Co.*, 205 F.3d 222, 231 (5th Cir. 2000) (breach of contract). Then the court considers whether the lodestar figure should be adjusted upward or downward depending upon the circumstances of the case. *Migis*, 135 F.3d at 1047. In making the adjustment the court looks to the twelve *Johnson* factors:

> (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)).

Counsel did not set forth the amount of time spent on the case and did not propose a reasonable hourly fee (D.E. 13, Aff. M. H. Cersonsky). A fee of $550.00 is the standard fee assessed by this court in similar cases. The $550.00 fee is reasonable, and is recommended.

**Costs**

Plaintiff also seeks reimbursement of $18.00 for the Judgment Recording fee. (D.E. 13, Aff. of M. H. Cersonsky). The United States is entitled to costs of suit. 28 U.S.C. §§ 1920, 2412.

## **RECOMMENDATION**

It is respectfully recommended that plaintiff's motion for entry of default judgment (D.E. 13) be granted and that judgment in favor of the United States of America be entered in the following amounts:

1. **Note:**
   Principal Balance ....................................................... $2,697.26
   Interest...................................................................... $1,627.50
   $4,324.76

   Plus prejudgment interest at $.59 per day
   from November 23, 1999 to date of judgment;
   plus

2. **Attorneys Fees and Costs**
   Attorney's Fees........................................................... $  550.00
   Judgment Recording Fee............................................ $    18.00
   568.00

   plus

3. **Post judgment interest at the prevailing rate**.

Respectfully submitted this 12th day of January, 2006.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

4

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Services Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).